# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NU-ROC COMMUNITY HEALTHCARE, INC.,

    Plaintiff,

    v.                                        Case No. 10-C-0626

HUMANA HEALTH PLAN, INC.,

    Defendant.

## ORDER REMANDING CASE

Plaintiff Nu-Roc Community Healthcare ("Nu-Roc"), filed suit in state court on June 17, 2010 alleging state common law claims of bad faith denial of insurance benefits and conversion against Defendant Humana Health Plan, Inc. ("Humana"). Nu-Roc operates a skilled nursing care facility in Forest County, Wisconsin. Nu-Roc alleges in its complaint that Humana wrongfully denied Nu-Roc's claims for benefits due under insurance policies issued by Humana to Nu-Roc residents who had assigned their claims to Nu-Roc. The complaint alleges that the benefits due under the policies were then used by Humana to offset amounts Humana contends it had mistakenly paid on behalf of another Nu-Roc resident who was insured under a self-funded health plan provided by her employer. Claiming that Nu-Roc's action arises under the Employee Retirement Income Security Act of 1976 ("ERISA"), 29 U.S.C. § 1001 *et seq*., Humana removed the case to this Court. The case is before the Court on Nu-Roc's motion to remand for lack of subject matter jurisdiction. For the reasons stated below, Nu-Roc's motion will be granted.

The facts, as gleaned from the complaint, are straightforward and, for purposes of the motion to remand, accepted as true. Humana is the insurer, or administrator of insurance plans, for four residents at Nu-Roc's skilled nursing facility. Three of the residents, Grace Phillips, Edith Bradle, and George Hetfield, (the "Residents") are insured for such care under policies issued by Humana.[1] A fourth, Evelyn Jeranek, was a beneficiary under a self-funded health plan provided by her employer, Chrysler Corporation, and administered by Humana. The plan under which Jeranek was a beneficiary is governed by ERISA. Each of the Residents assigned his or her right to receive benefits under their respective policies or plans to Nu-Roc.

Humana believes that it mistakenly paid Nu-Roc for claims submitted on behalf of Ms. Jeranek for benefits from 2006 through 2008 under her employer's self-funded health plan. That issue is the subject of a separate action pending before the Court, *Becker v. Chrysler LLC Health Care Benefits Plan*, Case No. 09-C-344. The *Becker* action has been stayed twice by the Court, first because of Chrysler's bankruptcy, and then to allow the plaintiff to exhaust her administrative remedies. Recently, the stay has been lifted and a scheduling order entered. In the meantime, Humana has sought to recoup the amount of the overpayment it claims to have made to Nu-Roc on behalf of Ms. Jeranek by withholding payment on claims submitted by Nu-Roc for benefits due the other residents. Nu-Roc claims that Humana is not entitled to offset the benefits due under the other policies in order to recover its alleged overpayment on behalf of Ms. Jeranek. Humana's conduct,

---

[1] In fact, it appears that all three are beneficiaries under Medicare Advantage coverage available to the Residents under Part C of the Medicare Act, 42 U.S.C. §§ 1395w-21 to 1395w-28, which provides medical benefits to its enrollees through a range of coverage plans, 42 U.S.C. § 1395w-21(a)(2), administered by private, managed health care organizations, such as Humana. 42 U.S.C. § 1395w-27. (Aff. of Mark Arms, Doc. 6, ¶3; Def.'s Br. In Supp. of Mot. to Dismiss, Doc. 8, at 5.)

2

according to Nu-Roc, constitutes a bad faith denial of benefits and conversion of proceeds due and owing. The question before the Court, however, is not whether Humana's conduct is lawful, but whether its removal of the case from state court was proper.

In general, a plaintiff's complaint controls whether a case is heard in state or federal court. A plaintiff may, "by eschewing claims based on federal law, choose to have the cause heard in state court." *Speciale v. Seybold,* 147 F.3d 612, 614 (7th Cir. 1998) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398-99 (1987)). Federal question jurisdiction exists where a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Complete preemption confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim. *Franciscan Skemp Healthcare Inc. v. Central States,* 538 F.3d 594, 596 (7th Cir. 2008). ERISA is such an area and is an exception to the above-stated general rule that the plaintiff's complaint controls. *Id.* As stated, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8, (2003). Thus, federal subject matter jurisdiction exists if the complaint concerns an area of law "completely preempted" by federal law, even if the complaint does not mention a federal basis of jurisdiction. *Rice v. Panchal,* 65 F.3d 637, 642 (7th Cir. 1995).

In order to determine whether removal is proper, then, this Court must carefully analyze Nu-Roc's complaint and the claims contained therein. Three factors help courts determine whether a plaintiff's state law claim is properly characterized as a suit under ERISA's Section 502(a)[2]: "(1) whether the plaintiff is eligible to bring a claim under that section, (2) whether the plaintiff's cause

---

[2] The official U.S.C. cite is 29 U.S.C. § 1132(a)(1)(B)

3

of action falls within the scope of an ERISA provision that the plaintiff can enforce via sec. 502(a), and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1487 (7th Cir. 1996).

Here plaintiff could not bring its claim for payment related to the three Residents under ERISA. Plaintiff's lawsuit plainly relates to its effort to recover funds for care of the three Residents who are participants and/or beneficiaries under a Medicare plan or policy. The three Residents are not beneficiaries of an ERISA plan. Nu-Roc cannot bring, and is not bringing, suit under ERISA on behalf of the three Residents covered by Medicare Advantage plans.

Second, Nu-Roc's cause of action is for denial of benefits owed to Nu-Roc as assignee of the three Residents. As such, plaintiff's cause of action does not fall within the scope of an ERISA provision that the plaintiff can enforce under ERISA section 502(a). As assignee, Nu-Roc stands in the shoes of the Residents and has the same rights to pursue claims as the Residents would have had. *See Franciscan Skemp Healthcare Inc. v. Central States, supra,* 538 F.3d at 597. The Residents would have been limited to a suit under the Medicare Act. Nu-Roc is therefore subject to those same limitations and does not have a claim against Humana enforceable under a provision of ERISA.

Lastly, Nu-Roc's claim can be resolved without an interpretation of a contract governed by federal law. While it is true that Humana believes Nu-Roc's claim is dependent on the outcome of the separate ERISA action concerning the Jeranek claim, Nu-Roc's position is that regardless of whether Humana overpaid on the Jeranek claim, it had no right under Wisconsin law to offset its claimed overpayment against the amounts due and owing for benefits provided by Nu-Roc to other

4

Residents. Thus, under Nu-Roc's theory of the case, whether Humana overpaid benefits due under the ERISA plan on behalf of Jeranek is immaterial and need not be decided in its case. Indeed, once the issue is fully briefed in the *Becker* case, this Court will be deciding whether Humana overpaid on the Jerabek claim.

From consideration of the *Jass* factors it follows that Nu-Roc's claims for bad faith and conversion are not preempted. ERISA's preemptive power is not so strong a force as to pull them into federal court. Instead, ERISA arises only as Humana's defense to Nu-Roc's claims, and a plaintiff's complaint does not arise under ERISA simply because it mentions a federal defense that a defendant may raise. The existence of a federal defense normally does not create statutory "arising under" jurisdiction. *See Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908). A federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action but also asserts that a federal defense the defendant may raise is not sufficient to defeat the claim. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 10 (1983) *citing Tennessee v. Union & Planters' Bank,* 152 U.S. 454 (1894). "Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." *Louisville & Nashville R. Co. v. Mottley, supra*, 211 U.S. at 152. This rule applies to defenses that arise under ERISA as well. *See Lehmann v. Brown*, 230 F.3d 916, 920 (7th CIr. 2000) ("Claims outside the scope of ERISA arise independently of federal law, and the possibility that § 514(a) preempts one or another state-law theory is just a federal defense."). The case will therefore be remanded to state court.

5

Nu-Roc has also requested actual costs and actual attorneys fees it incurred as a result of the removal. Actual costs and attorneys fees are expressly allowed under 28 U.S.C. § 1447(c) when a district court remands a case that has been improperly removed. In *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005), however, the Supreme Court held that ordinarily a district court may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Although I have concluded that federal jurisdiction is lacking, I do not find Humana's argument lacked an objectively reasonable basis. The unusual interplay of ERISA and the Medicare Act in the case, coupled with the uncertainty over the extent of ERISA preemption and the principles of law governing set-off, preclude a finding that no objectively reasonable basis exists for Humana's assertion of federal jurisdiction and its removal of the case to this court. Accordingly, Nu-Roc's request for actual costs and attorneys fees is denied. Its motion to remand is granted, however, and the Clerk is directed to send a certified copy of this order to the Clerk of Court for Forest County.

**SO ORDERED** this ___9th___ day of November, 2010.

                                                    s/ William C. Griesbach
                                                   William C. Griesbach
                                                 United States District Judge